IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY SHUTOFF,

        Petitioner,

    v.

BRANDON KELLY,

        Respondent.

Case No. 6:18-cv-01668-HZ

OPINION AND ORDER

Timothy Shutoff
10800983
Mill Creek Correctional Facility
2605 State Street
Salem, Oregon 97310-0505

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the imposition of a 36-month term of post-prison supervision. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

In 2010, Petitioner operated a motor vehicle under the influence of alcohol and methamphetamine. The car reached speeds of up to 115 miles per hour, and Petitioner ultimately crashed the vehicle. His passenger, Jezaray Ibarra, suffered a broken pelvis, a broken nose, a fractured skull, and had his scalp partially removed. Respondent's Exhibit 103, pp. 84-86. Petitioner was also injured in the accident, but was able to walk off into the woods before authorities located him. Helicopters airlifted both men to the hospital for emergency care.

The Marion County Grand Jury charged Petitioner with Assault in the Second Degree, Failure to Perform Duties of a Driver to Injured Persons, and Driving While Under the Influence of Intoxicants. Respondent's Exhibit 102. A jury found him guilty on all counts, and the trial court sentenced him to: (1) 120 months in prison on the Assault II conviction; (2) a concurrent 45-month prison term on the Failure to Perform conviction, to be followed by 36 months of post-prison supervision; and (3) a concurrent 12-month sentence on the Driving Under the Influence conviction. Respondent's Exhibit 101.

Petitioner took a direct appeal where he argued, in part, that the trial court plainly erred when it imposed the 36-month

term of post-prison supervision on the Failure to Perform conviction.[1] Respondent's Exhibit 106. The Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Shutoff*, 258 Or. App. 388., 310 P.3d 1203, *rev. denied*, 354 Or. 389, 315 P.3d 421 (2013).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR court denied relief. Respondent's Exhibit 121. The Oregon Court of Appeals affirmed that decision without opinion, and the Oregon Supreme Court denied review. *Shutoff v. Nooth*, 289 Or. App. 823, 412 P.3d 1226, *rev. denied*, 362 Or. 860, 418 P.3d 757 (2018).

Petitioner filed this federal habeas corpus case on September 12, 2018 raising three grounds for relief that can be summarized as follows:

> (1) Petitioner was denied his right to effective assistance of counsel when appellate counsel failed to properly argue a claim that that trial court imposed an unlawful term of post-prison supervision on the Failure to Perform conviction;[2]
>
> (2) Petitioner's PCR attorney was ineffective because he was not prepared

---

[1] Because trial counsel did not object to the imposition of post-prison supervision during sentencing Petitioner could only raise the unpreserved error as one of "plain error." *See* ORAP 5.45(1) (permitting the Oregon Court of Appeals to consider an unpreserved error that is apparent on the face of the record).

[2] Petitioner presents this as a claim of ineffective assistance of counsel, and does not specifically identify which attorney he seeks to fault. Because Petitioner raised this as a claim of ineffective assistance of appellate counsel in his PCR proceedings, and as he fairly presented that claim to Oregon's state courts so as to preserve it, the Court liberally construes Ground One to raise a claim against appellate counsel.

3 - OPINION AND ORDER

> for the PCR hearing as evidenced by his failure to adequately respond to a question from the PCR judge pertaining to the post-prison supervision issue; and
>
> (3) Petitioner's PCR attorney provided ineffective assistance when he did not argue a claim that trial counsel failed to preserve the trial court's alleged error in imposing the 36-month sentence.

Petition for Writ of Habeas Corpus (#1).

Respondent asks the Court to deny relief on the Petition because the PCR court's denial of Ground One is entitled to deference, and Petitioner's claims against his PCR attorney are not cognizable. Although Petitioner's supporting memorandum was due August 5, 2019, he has not filed any brief with the Court.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that

contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## II. Ground One: Ineffective Assistance of Appellate Counsel

Petitioner asserts that when the trial court imposed the 120-month sentence on his Assault II conviction, this represented his statutory maximum penalty. Where he had already reached the statutory maximum penalty and the judge ran all of his sentences concurrently, Petitioner argues that the imposition of a 36-month term of post-prison supervision unlawfully raised his total sentence well beyond the statutory maximum to 156 months.[3] He

---

[3] Petitioner also asserts that the duration of post-prison supervision is determined by the most serious crime of conviction. In his case, that is the

believes direct appellate counsel made a critical mistake by not correcting the record when the State improperly represented in its direct appellate brief that Petitioner had received partially consecutive, as opposed to fully concurrent, sentences. He reasons that the Oregon Court of Appeals would not have affirmed the legality of his sentence had appellate counsel filed a reply brief to direct the appellate court's attention to this important misrepresentation.

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice with respect to the performance of appellate counsel, a petitioner must demonstrate a reasonable probability

---

Assault II conviction upon which no post-prison supervision was imposed, thus he argues that he should have no post-prison supervision to serve.

that but for appellate counsel's failure, "he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285-286 (2000). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

The PCR court resolved Petitioner's claim of ineffective assistance of appellate counsel in a reasoned opinion:

> Petitioner was sentenced to 120 months in prison (the statutory maximum) and no post-prison supervision on the Assault 2 charge and 45 months prison with 36 months post-prison supervision on the Failure to Perform the Duties of a Driver charge. The second count was to be served concurrently with the first count. Petitioner did not object to the form of the sentence.
>
> Petitioner filed an appeal raising four issues on appeal, including that it was plain error for the trial court to impose the 36 months of post-prison supervision. In the appellate brief, Petitioner's appellate attorney correctly indicated that the two sentences were imposed concurrently. In the answering brief, the state indicated that the two counts were imposed partly consecutively. Petitioner's appellate attorney did not file an answering brief to correct the state's misstatement of fact in its answering brief.
>
> \* \* \* \* \*
>
> Legal bases for denial of relief: Petitioner failed to prove that his appellate attorney was ineffective for not filing a reply brief pointing out the state's incorrect statement of facts in the answering brief. The appellate attorney correctly set forth the fact in the initial brief that the two counts were imposed concurrently. While he could have filed a reply brief to point out the

> error in the state's brief, it would also be reasonable to assume the Court of Appeals would notice the factual discrepancy and check the record to determine the correct facts.
>
> Even if it was ineffective on the part of the appellate attorney to not file a reply brief, the Petitioner has failed to prove prejudice. There is no proof that the failure to file a reply brief had a tendency to affect the outcome of the appeal. Initially, Petitioner's claim of error was incorrect. *Norris v. Board of Parole*, 237 Or App 2 (2010). Petitioner did not preserve the objection in the trial court. Even if the imposition of the additional post-prison supervision were error, petitioner has not proven that the Court of Appeals did not take note of the factual error and that it would have considered the imposition of post-prison supervision as plain error and reversed the sentence if it was aware of the factual error in the state's brief.

Respondent's Exhibit 121, pp. 1-2.

This a thoughtful and reasonable analysis of Petitioner's Ground One issue, including the fact that Petitioner's appellate attorney properly identified the concurrent nature of Petitioner's sentences and could reasonably rely upon the Oregon Court of Appeals to correct the discrepancy in the briefing. In this respect, counsel's performance did not fall below an objective standard of reasonableness.

In addition, although Petitioner asserts that his 36-month term of post-prison supervision was unlawful, the PCR court specifically determined that this contention lacked merit in light of the Oregon Court of Appeals' decision in *Norris, supra*. Federal habeas courts are firmly bound by state-court decisions on matters of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law."). Where the trial court properly imposed the 36-month term of post-prison supervision, Petitioner could not have suffered prejudice even if appellate counsel had erred when he failed to point out the State's error regarding the imposition of concurrent sentences. For all of these reasons, the PCR court's decision denying relief on Petitioner's Ground One claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

## II. Grounds Two and Three: Ineffective Assistance of PCR Counsel

As Grounds Two and Three, Petitioner asserts that his PCR attorney was unprepared to handle a question concerning the 36-month post-prison supervision term, and that he failed to raise a claim that trial counsel was ineffective for failing to preserve the trial court's error in imposing 36 months of post-prison supervision. Such claims lack merit because there is no constitutional right to an attorney in state PCR proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 553 (1987).

Even if Petitioner intends to bring his Ground Three claim against trial counsel, and assuming Petitioner seeks to excuse his procedural default of that claim by faulting PCR counsel for not raising it,[4] he would still not be entitled to habeas relief.

---

[4] The State correctly represents that Petitioner failed to fairly present any claim that trial counsel failed to preserve the purported sentencing error, thus it is unpreserved for federal review. *See Rose v. Lundy*, 455 U.S. 509,

The foundation of Petitioner's claims focuses on the allegedly unlawful nature of the 36-month term of post-prison supervision. As discussed above, the imposition of supervision was proper under Oregon law. Accordingly, there can be no ineffective assistance of counsel arising from that issue such that habeas corpus relief is not appropriate.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 17 day of September, 2019.

Marco A. Hernandez
United States District Judge

---

519 (1982). A federal court may, however, reach substantial but procedurally defaulted claims of ineffective assistance of trial counsel where a PCR attorney fails to raise those claims. *Martinez v. Ryan*, 566 U.S. 1 (2012).

10 - OPINION AND ORDER